# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PERCY TAYLOR**                                           **CIVIL ACTION**

**VERSUS**                                                      **NO. 05-3006**

**N. BURL CAIN, WARDEN**                         **SECTION "K"(6)**

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.   For the following reasons, it is hereby recommended that the instant petition, along with all supplemental claims and pleadings, be **DISMISSED WITH PREJUDICE** as untimely .[1]

---

[1]A review of the docket sheet in the above-captioned action reflects that petitioner has filed numerous pleadings with this court, many of which sought to add supplemental claims and/or allegations to his original habeas petition.  For the reasons set forth *infra*, all additional claims/allegations, along with the claims/allegations contained in petitioner's original habeas

## PROCEDURAL HISTORY

On April 14, 1989, petitioner, Percy Taylor, a prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, pled guilty to the charge of possession of heroin and was sentenced, on that same date, to five years incarceration with credit for time served.[2]  Thereafter, petitioner had five days within which to file a motion for an appeal in connection with his conviction and sentence.  *See* La. Code Crim. P. art. 914.[3]  Petitioner, however, made no effort to seek a direct appeal.  As such, petitioner's conviction and sentence were rendered final on or about April 19, 1989, after the five days available to lodge an appeal expired.  *See State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

In October, 2003, petitioner submitted to the state district court a handwritten "Application for Post-Conviction Relief".[4]  On November 10, 2003, the district court dismissed petitioner's application for post-conviction relief without prejudice due to

---

application, are time-barred.

[2]A copy of petitioner's April 14, 1989 guilty plea and sentencing transcript is contained in the State rec., vol. 1 of 4.  Petitioner informs on page seven of his federal habeas petition (rec. doc. #1), that following his possession of heroin conviction and corresponding five-year sentence, he was sentenced, in connection with a subsequent conviction, to life imprisonment.  It is this life sentence which petitioner is presently serving.  As discussed *infra*, the fact that petitioner is no longer in custody in connection with the conviction he is presently attacking provides an additional basis, besides untimeliness, for dismissing the instant action.

[3]Pursuant to Acts 2003, No. 949, §1, La.C.Cr.P. art. 914 was amended to provide defendants with 30 days within which to timely appeal their conviction and/or sentence.

[4]A copy of petitioner's "Application for Post-Conviction Relief" is contained in the State rec., vol. 1 of 4.

petitioner's "failure to use the uniform application for post conviction relief approved by the Supreme Court of Louisiana.  La.C.Cr.P. Art. 926(D)."[5]

In January, 2004, petitioner, utilizing the proper form, submitted a second post-conviction application to the state district court.[6]  On January 20, 2004, the state district court denied petitioner relief, specifically providing:

> Defendant had 2 years from finality of conviction in which to file his application for post conviction relief.  Defendant pled guilty on April 14, 1989. An appeal was not taken.  Defendant's conviction became final on April 19, 1991.  Defendant's current filing is untimely and time in which to take an application for post conviction relief has prescribed.
> Accordingly,
> **IT IS ORDERED BY THE COURT** that defendant's motion be and the same is hereby **<u>DENIED</u>**.[7]

Following the above ruling, petitioner filed a myriad of pleadings in the state court system, including a writ application to the Louisiana Supreme Court which was denied on April 8, 2005.  *See State ex rel. Taylor v. State*, 899 So.2d 4 (La. 2005).[8]  On July 5, 2005,

---

[5]A copy of the district court's November 10, 2003 Order is contained in the State rec., vol. 1 of 4.

[6]A copy of petitioner's second post-conviction application is contained in the State rec., vol. 2 of 4.

[7]A copy of the district court's January 20, 2004 Order is contained in the State rec., vol. 1 of 4.

[8]This court, in April, 2004, dismissed without prejudice petitioner's earlier federal habeas petition, *Taylor v. State*, Civil Action No. 04-0726 "K"(6), based upon the fact that petitioner had not sought relief from the Louisiana  Supreme Court and therefore, had failed to exhaust his state court remedies.  *See Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

petitioner filed the instant habeas corpus action.[9]  In its opposition memorandum, the State

contends that petitioner's habeas application is subject to dismissal for several reasons, one

being the fact that it is untimely.  For the following reasons, the court agrees.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),

a petitioner has one year within which to bring his habeas corpus claims pursuant to 28

U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the

date the petitioner's state judgment became final or the expiration of his time for seeking

review.[10]   *See* 28 U.S.C. § 2244(d)(1) (West 2007), as amended by the AEDPA, P.L. 104-

132, 110 Stat. 1220.  In this case, because petitioner's time for seeking review expired on

April 19, 1989, his one-year limitation period commenced running on that date, giving him

until April 19, 1990, to timely seek habeas corpus relief.

---

[9] This July 5, 2005 filing date was ascertained via the court's use of the "mailbox rule."  Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing.  *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

[10] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

However, the United States Fifth Circuit has held that, for a prisoner such as Taylor, whose conviction became final prior to the AEDPA's effective date, a one-year grace period, from April 24, 1996 until April 24, 1997, must be allowed during which a petitioner could timely file a federal post-conviction habeas challenge. *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998).  Petitioner filed the instant action on July 5, 2005.  Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner, with respect to his April, 1989 conviction and sentence, did not seek collateral review until October, 2003, when he filed his first application for post-conviction relief.[11]  However, by that time, petitioner's prescriptive period had ended, expiring over six

---

[11]A month earlier, in January, 2003, petitioner filed a motion for production of documents seeking, among other records, a copy of his April 14, 1989 *Boykin* transcript.  Such a motion, however, is insufficient for the purpose of interrupting prescription. *See Boyd v. Ward*, 2001 WL 533221, *4 (E.D. La. 2001) ("Although Boyd had, in the interim, litigated his entitlement to a free copy of his guilty plea and sentencing transcript through the state court system, the Court does not believe that those proceedings qualify as '...application[s] for State post-conviction or other collateral review...' so as to toll the limitation period under § 2244(d)(2) because they were preliminary in nature and did not directly call into question the validity of Boyd's conviction or sentences.") *See also Brisbon v. Cain*, No. 99- 3078, 2000 WL 45872, *2 (E.D. La. Jan. 18, 2000).

years earlier, on April 24, 1997.  *See Flanagan, supra.*  Accordingly, absent a basis for equitable tolling, the instant action is clearly prescribed.

The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in exceptional circumstances.  *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999).  Since *Davis*, the Fifth Circuit has made it clear that a pro se prisoner's ignorance or misinterpretation of applicable law does not constitute "exceptional circumstances" for the purpose of equitably tolling the AEDPA's one-year statute of limitations.  *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000).  "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), *quoting Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

In the instant matter, petitioner blames his untimeliness on his alleged inability to get requested records.  However, petitioner did not file his first motion seeking the production of documents in connection with his April, 1989 conviction and sentence until over 13 years later, in January, 2003.  Clearly, plaintiff was less than diligent in seeking the records he allegedly required in order to seek relief in connection with his 1989 conviction

and sentence.  Accordingly, the court finds that petitioner is not entitled to equitable tolling and, as such, his habeas action is clearly time-barred.[12]

## RECOMMENDATION

It is therefore **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Percy Taylor, along with all supplemental claims and/or allegations set forth in subsequent pleadings filed on behalf of petitioner, Percy Taylor, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

---

[12]In its response, the State also argues that two of petitioner's claims are unexhausted.  *See Rose*, *supra*.  However, the exhaustion issue need not be addressed in light of this court's finding that petitioner is barred, under the AEDPA's one-year prescriptive period, from seeking federal habeas corpus relief.  Additionally, as the court noted earlier, petitioner is no longer in custody in connection with his April, 1989 conviction for possession of heroin.  *See supra* at n.2.  As such, petitioner no longer meets the "in custody" requirement for purposes of seeking federal habeas corpus relief.  *See Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989) ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction...."  Such an interpretation "would read the 'in custody' requirement out of the statute and be contrary to the clear implication of the opinion in *Carafas v. LaVallee,* [391 U.S. 234, 238, 88 S.Ct. 1556, 1559-1560, 20 L.Ed.2d 554 (1968)]."

consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

    New Orleans, Louisiana, this __15th__ day of _____ June _____, 2007.


LOUIS MOORE, JR.
United States Magistrate Judge