UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PERCY TAYLOR                                             CIVIL ACTION

VERSUS                                                   NO: 05-3006

BURL CAIN, WARDEN                                        SECTION: "K"(6)


ORDER AND REASONS


Before the Court is the Section 2254 Habeas Corpus Petition (Rec.Doc.No. 1)

("Petition") of Percy M. Taylor, wherein Petitioner seeks relief from a sentence imposed by a

Louisiana State Court in connection with his conviction for possession of a controlled substance.

After reviewing the pleadings, the state court record, the applicable law, the Report and

Recommendation of the Magistrate Judge (Rec.Doc.No. 72) ("Report"), and the Petitioner's

Objections to the Magistrate's Report (Rec.Doc.No. 75) ("Objections"), the Court hereby

dismisses the Section 2254 Petition for the reasons assigned herein.


II. STANDARD OF REVIEW

1

Magistrate judges are empowered by statute to preside over certain pretrial matters upon

appointment by a district judge. 28 U.S.C. § 636(b)(1)(A); *see also* Rules Governing § 2254

Cases, Rule 10. A district court evaluating a magistrate judge's recommendation may adopt

those portions of the recommendation to which no specific objection is made, as long as those

sections are not clearly erroneous. *See id*.; FED. R. CIV. P. 72(b). However, where a party makes

"specific, written objections" within ten days after being served with a copy of the magistrate's

recommendation, the district court must undertake *de novo* review of those contested aspects of

the report. 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b). The district judge may then

"accept, reject, or modify the recommended decision, receive further evidence, or recommit the

matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEPDA")[1] applies to

Bedford's Petition, which is deemed filed in this court on June 30, 2005, under the federal

"mailbox rule."[2]

---

[1]     The AEDPA comprehensively revised federal habeas corpus legislation, including
28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.
*Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320
(1997)). The AEDPA, which was signed into law on that date, does not specify an effective date
for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes
become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d
1501, 1505 n. 11(5th Cir. 1992).

[2]     The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings,
including habeas corpus petitions filed after the effective date of the AEDPA, submitted to
federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive
the pleading from the inmate for delivery to the court is considered the time of filing for
limitations purposes. *Coleman v. Johnson*, 184 F.3d 374, 378 (5th Cir. 1998); *Cooper v.*

The threshold questions in habeas review under the amended statute are whether the

petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in

state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in

"procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing

28 U.S.C. §2254(b), (c)).

### III. ANALYSIS

The Honorable Judge Moore issued a Report finding that Petitioner's claims were filed

untimely and equitable tolling does not apply. Judge Moore reasoned as follows:

> Petitioner, with respect to his April, 1989 conviction and sentence,
> did not seek collateral review until October, 2003, when he filed his
> first application for post-conviction relief. However, by that time,
> petitioner's prescriptive period had ended, expiring over six years
> earlier, on April 24, 1997. Accordingly, absent a basis for equitable
> tolling, the instant action is clearly prescribed...
> ....
> In the instant matter, petitioner blames his untimeliness on his
> alleged inability to get requested records. However, petitioner did not
> file his first motion seeking production of documents in connection
> with his April, 1989 conviction and sentence until over 13 years later,
> in January, 2003. Clearly, plaintiff as less than diligent in seeking the
> records he allegedly required in order to seek relief in connection

---

*Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The Clerk of Court filed Bedford's federal habeas petition on July 28, 2005, when he paid the filing fee. Bedford dated his signature on the Petition on June 30, 2005. This is the earliest date on which he could have submitted the pleadings to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his *pro se* Petition. *See Cousin*, 310 F.3d at 847 (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998)).

with his 1989 conviction and sentence. Accordingly, the court finds
that petitioner is not entitled to equitable tolling and, as such, his
habeas action is clearly time-barred.[3]

Defendant objects to Magistrate Moore's findings arguing that court failed to consider that

he was suffers from mental illness and is actually innocent. First, Defendant offers no proof of

innocence, thus, he is not entitled to equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.

2000) (without some showing of actual innocence, prisoner is not entitled to equitable tolling which

only applies in rare and exceptional circumstances). Second, although Defendant offers a report

demonstrating that he suffers from mental illness, he offers no evidence suggesting that such illness

prevented him from filing his petition in a timely manner. *See Barret v. Epps*, 2007 WL 689586, at

*3 (S.D. Miss. Feb. 28, 2007).[4]

The mental evaluation report offered by Petitioner suggests that his "major psychiatric

---

[3]      Report at 5-7 (footnotes, citations omitted).

[4]      The *Barrett* court stated:

> The Fifth Circuit has recognized that mental illness
> may support a tolling of the AEDPA statutory time
> period. *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir.
> 1999) *citing Hood v. Sears, Roebuck & Co.,* 168 F.3d
> 231, 232-33 (5th Cir. 1999). However, such mental
> illness must have existed at the relevant time period,
> and it must have actually been an impediment to filing
> in a timely manner. *Id.* It is the Petitioner's burden of
> proof to demonstrate these "rare and exceptional
> circumstances" which warrant equitable tolling.
> *Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir.
> 2001).

2007 WL 689586, at *3.

problems began in about 1989 when he was sexually attacked by a guard [in prison]."[5] Although he

had until April 1997[6] to institute a post-conviction proceeding, Petitioner did not do so until October

2003.[7] Indeed, Petitioner likely suffers from mental illness, but he has not shown how such illness

caused a six-year delay in filing the Petition. Notably, Petitioner has filed numerous pleadings

despite suffering from the same mental illness since 1989. Thus, the Court finds that Petitioner

claims under Section 2254 are time-barred and Petitioner is not entitled to equitable tolling of the

limitations period. Accordingly,

**IT IS ORDERED** that Petitioner's Petition brought under 28 U.S.C. § 2254 be **DISMISSED**

**WITH PREJUDICE**.

New Orleans, Louisiana, on this _29th_ day of August, 2007.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**

---

[5]      *See* Objections, Exhibit 1 at 3.

[6]      For Petitioner, whose conviction became final prior to the effective date of the AEDPA, a one-year grace period extends the period he could timely file a federal post-conviction habeas challenge from April 1996 to April 1997.

[7]      Petitioner is not currently serving prison for the conviction he is attacking. This fact bolsters the Court's finding that this Petition is untimely.